FILED

2013 Mar-04  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MICKALE HOPKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | |
| **CITY OF HUNTSVILLE,** | ) | |
| **ALABAMA, a municipal** | ) | _____ |
| **corporation; CHARLES NIX,** | ) | |
| **individually and in his official** | ) | |
| **capacity; BRIAN SHOCKLEY,** | ) | |
| **individually and in his official** | ) | **JURY TRIAL DEMANDED** |
| **capacity; and Fictitious Defendants** | ) | |
| **1 – 10, individually and in their** | ) | |
| **official capacities;** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.  COMES NOW the plaintiff, Mickale Hopkins, and hereby brings this action

under the United States Constitution, the Alabama Constitution, and under other

federal and state statutes of the United States and the State of Alabama.

## SUMMARY OF CLAIMS

2.  This is an action against Charles Nix and Brian Shockley, and fictitious

Defendants 1 - 10, in their individual and official capacities, for the violation of

Hopkins' civil and constitutional rights on or about March 7, 2012.

3.  This is also an action against the City of Huntsville, Alabama, a municipal

corporation, for the actions of its officers, agents, and policy makers for damages to Hopkins pursuant to an official policy or custom, for injuries caused vicariously through its agents or employees, and for its own negligence.

## JURISDICTION AND VENUE

4.  Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1337, 1343(a), and 1367(a) to redress violations of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §§. 1983, 1985, 1986, and 1988.

5.  Plaintiff invokes the supplemental jurisdiction of this Court for state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

6.  All of the events complained of transpired in the City of Huntsville, County of Madison, Alabama.  The City of Huntsville is located within the Northeastern Division of the Northern District of Alabama, therefore venue in the Northeastern Division is proper under 28 U.S.C. section 1391.

## PARTIES

7.  Plaintiff Mickale Hopkins ("Hopkins" or "Plaintiff") is, and was at the time of the events giving rise to this suit, a citizen of the United States and a resident of Huntsville, Alabama over the age of nineteen (19) years.

8.  The City of Huntsville, Alabama ("the city") is a municipal corporation located

within this district and operates the Huntsville Police Department.

9. Upon information and belief, the City is responsible for setting the policy, practices, and procedures of the Huntsville Police Department, including hiring, training, supervision, and retention of its employees and officers.

10. Charles Nix ("Nix") is, and was at the time of the events giving rise to this suit, a resident of the State of Alabama and an officer of the Huntsville Police Department over the age of nineteen (19) years.

11. Brian Shockley ("Shockley") is, and was at the time of the events giving rise to this suit, a resident of the State of Alabama and an officer of the Huntsville Police Department over the age of nineteen (19) years.

12. Fictitious Defendants 1 – 10, being otherwise unknown to Plaintiff, are those individuals or entities whose actions proximately caused injury to the Plaintiff described herein.

13. The defendants named herein who were and are employees of the governmental entity named above at all times relevant to this action acted under color of their authority under state law, to wit, the statutes, regulations, policies and usages of the State of Alabama, or, due to their individual actions, are responsible for the wrongs complained of herein.

3

## FACTS COMMON TO ALL COUNTS

14. Plaintiff Hopkins is a black male and the night custodian at First Baptist Church of Huntsville, Alabama.

15. On March 7, 2012, at around 10:18 PM, Hopkins was finishing his shift at the church. He locked the building and turned on the alarm system before walking to his car parked in the church parking lot.

16. Hopkins entered his car and began endorsing his paycheck, when Huntsville police officers in a patrol car pulled in directly behind him, blocking his vehicle in its parking spot.

17. Upon information and belief, the officers who first pulled in behind Hopkins' car were Defendants Nix and Shockley.

18. Defendants Nix and Shockley exited their patrol car and approached Hopkins' vehicle on either side. Nix opened Hopkins' driver side door. He ordered Hopkins out of his vehicle, told him to place his hands on the roof of his car and spread his legs, and frisked him.

19. During this time, four other patrol cars from the Huntsville Police Department arrived on the scene. Hopkins was eventually told that the HPD officers were investigating a robbery in the area, allegedly involving two masked, hooded, black males.

20. A female officer asked Hopkins for consent to search his vehicle, which he refused.

21. Despite his refusal, the female officer climbed in to Mr. Hopkins' vehicle and began searching inside.

22. Hopkins was put in handcuffs and placed in one of the patrol cars. Around eight or ten officers were standing around Hopkins car, talking and laughing.

23. The positioning of Hopkins' handcuff was uncomfortable, so he began to attempt to adjust the positioning of his hands for comfort only.

24. Upon seeing this, a Huntsville police officer pulled Hopkins out of the patrol car, threw him handcuffed to the ground, and placed him in a "choke hold."

25. Hopkins was taken to the Huntsville police station for booking, and was charged with "Obstructing Governmental Operations." Hopkins was held in jail until he was released on bond.

26. All charges against Hopkins were later "nolle prossed."

27. Hopkins timely filed a sworn statement of claim with the Defendant City of Huntsville in compliance with Code of Ala. § 11- 47-192 (1975).

28. The actions and/or omissions of the defendants led to Hopkins' being arrested, held in jail, and wrongly charged with a crime. He was also caused to suffer bruises and abrasions, scrapes, and other physical pain and discomfort, mental

anguish and emotional upset, and loss of reputation.

## Count I – 42 U.S.C. § 1983 – Unlawful Search and Seizure

29.  Plaintiff hereby reasserts paragraphs (1) through (28) and incorporates the same by reference as if fully set out herein.

30.  Defendants Nix, Shockley, and Fictitious Defendants, separately or in concert, exercising their positions of authority and acting under color of state law in their capacities as public officials and representatives of the City of Huntsville, Alabama, intentionally and unlawfully seized Hopkins without a warrant,  probable cause, or articulable facts to support a reasonable suspicion that Hopkins was involved in criminal activity, in violation of his clearly established federal constitutional right to be free from unreasonable seizures guaranteed under the Fourth Amendment to the United States Constitution, and their intentional acts were the proximate cause of Plaintiff's injuries and damages described above.

31.  Further, Defendants Nix, Shockley, and Fictitious Defendants, separately or in concert, exercising their positions of authority and acting under color of state law in their capacities as public officials and representatives of the City of Huntsville, Alabama, intentionally and unlawfully searched Hopkins' person and his vehicle, without a warrant, consent, probable cause, or articulable facts to support a

reasonable suspicion that Hopkins was presently armed and dangerous, in violation of his clearly established federal constitutional right to be free from unreasonable searches guaranteed under the Fourth Amendment to the United States Constitution, and their intentional acts were the proximate cause of Plaintiff's injuries and damages described above.

## Count II – 42 U.S.C. § 1983 –False Imprisonment

32. Plaintiff hereby reasserts paragraphs (1) through (31) and incorporates the same by reference as if fully set out herein.

33. Defendants Nix, Shockley, and Fictitious Defendants, separately or in concert, exercising their positions of authority and acting under color of state law in their capacities as public officials and representatives of the City of Huntsville, Alabama, intentionally and unlawfully arrested without probable cause and/or ratified said arrest, which led to his being held in jail, depriving him of his personal liberty in violation of his clearly established federal constitutional right to be free from unreasonable seizures guaranteed under the Fourth Amendment to the United States Constitution. Their intentional acts were the proximate cause of Plaintiff's injuries and damages described above.

## Count III – 42 U.S.C. § 1983 – Municipal Liability

34.  Plaintiff hereby reasserts paragraphs (1) through (33) and incorporates the same by reference as if fully set out herein.

35.  Defendant City maintained a policy or custom by which it failed to adequately train or supervise its police officers in making *Terry* stops, and said policy or custom was the moving force causing the violation of Plaintiff's rights and his other damages described above.

36.  Said policy amounts to deliberate indifference to the rights of persons with whom the police come into contact.

37.  Wherefore, Plaintiff demands judgment against Defendant City for all damages to which he is entitled under the law, including costs, attorneys' fees, and interest.

## Count IV – Excessive Force

39.  Plaintiff hereby reasserts paragraphs (1) through (37) and incorporates the same by reference as if fully set out herein.

40.  At all times material hereto, Nix, Shockley, and the other officers, or each or all of them, were acting as city law enforcement officers pursuant to state statute and the ordinances, customs, and policies of the City of Huntsville.

41. Plaintiff had a right to be free from the use of excessive and unreasonable

force.

42. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

43. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

44. The officers touched, assaulted, seized, imprisoned, and detained Plaintiff without a warrant, without probable cause, and without consent.

45. Defendant Nix and/or Shockley, and the other officers, or each or all of them, used excessive and unreasonable force against Plaintiff by pulling him out of a vehicle, throwing him to the ground and choking him from behind though he was not resisting arrest.

46. Plaintiff's rights under the Fourth Amendment were thus impermissibly abridged and violated.

47. Plaintiff was assaulted and battered, subjected to fear and apprehension of more serious batteries, was physically injured and scarred, embarrassed, humiliated, and suffered great and severe emotional distress and mental anguish.

## County VII – Assault and Battery

48. Plaintiff hereby reasserts paragraphs (1) through (47) and incorporates the same by reference as if fully set out herein.

49.  On the date and at the time of the conduct made the subject of this action, the Defendants, Nix, Shockley, and Fictitious defendants, each acting in concert with the others, touched Plaintiff in rudeness, in anger, or in a hostile manner, by touching his person.

50. The officers assaulted and battered Plaintiff pulling Hopkins out of a vehicle, throwing him to the ground, and putting him in a choke hold while handcuffing him though he was not resisting arrest.

51. Officer Nix, Shockley, and the other officers, or each or all of them, knew that Plaintiff was not a threat, was not resisting arrest, and that the force applied was excessive under the circumstances.

52. The force was applied maliciously or in bad faith.

53. Plaintiff suffered damages as otherwise herein described as a direct and proximate result of the assault and battery by the Defendants.

## Prayer for Relief

1.  In view of the foregoing acts of these named Defendants, Plaintiff prays that this Court assume jurisdiction of the federal claims under 42 U.S.C. §1983 and exercise its supplemental jurisdiction of all state claims;

2.  Grant the Plaintiff compensatory and, where available, punitive damages, separately and severally against the named defendants in their individual and

official capacities and the defendant City of Huntsville, in an amount to be

determined by struck jury.

3.  Award Plaintiff costs and reasonable attorneys' fees, as authorized by 42 U.S.C.

§ 1988.

4.  Award such other, further, and different relief as this Court may deem

appropriate, fair, and equitable.


Respectfully submitted this 28th day of _____ 2013.




_____
Jay E. Emerson, Jr. (EME003)
Attorney for Plaintiff
Mickale Hopkins

OF COUNSEL:
**HIGGS & EMERSON**
405 Franklin Street
Huntsville, Alabama 35801
Tel: (256) 533-3251
Fax: (256) 533-3265